UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARY ANN GUZY,  CASE NO. 1:20-cv-23169-MGC

    Plaintiff,

v.

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

### Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Second Amended Complaint and Plaintiff's Request for Hearing

Plaintiff hereby files, through new undersigned co-counsel for Plaintiff, this Response in Opposition to Defendant's Motion to Dismiss [DE 59] Plaintiff's Second Amended Complaint [DE 56] for Breach of Contract Counts I-II, and Plaintiff respectfully requests that the Court deny the Motion to Dismiss for the reasons set forth herein, and Plaintiff respectfully requests that the Court grant Plaintiff's Request for Hearing on the Motion to Dismiss.

I.    **Introduction**

The Motion before this Court is to deny Plaintiff the right to have her dispute heard solely based on the manner of her pleadings, before the facts are fully developed for the finder of fact and discovery is allowed. In effect, the Motion seeks to preempt any consideration of the actual merits of Plaintiff's position beyond the functional pleading. As such, under the well-settled law of this Court, the burden for such a Motion is intentionally very high. Plaintiff's pleadings are to be viewed in the light most favorable and all presumptions are to be in favor of allowing the claim to proceed. Pleadings are not expected to be fully developed dissertations, but rather merely sufficient to provide notice of the claims to be asserted. Here,

1

Plaintiff's Second Amended Compliant provides this notice. It addresses all of the necessary elements for a breach of contract pleading. For each claim, the existence of a valid contract is pled, the material breach is identified. and damages asserted. Notice of potentially viable claims for breach of contract have been alleged and Defendant is on notice of the claims. Respectfully, this Motion should be denied.

## II. Legal Standard on a Motion to Dismiss

In *Stonecreek--AAA, LLC v. Wells Fargo Bank N.A.*, 2013 WL 5416970 (S.D. Fla. 2013)(Judge Cooke), this Court's Order Denying Defendant's Motion to Dismiss Plaintiff's Breach of Contract claims, set forth the following legal standard for Motions to Dismiss:

> For the purposes of a motion to dismiss, my review is "limited to the four corners of the complaint" and any documents referred to in the complaint that are central to the claim. *Nationwide Advantage Mortgage Co. v. Fed. Guar. Mortgage Co.,* 09–20372–CIV, 2010 WL 2652496, at *2 (S.D.Fla. Feb.26, 2010) (quoting *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir.2002)). A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002) (citing *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n. 2 (11th Cir.1999)).
>
> A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see also *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a

2

> cause of action will not do.' " *Id.* (quoting *Twombly,* 550 U.S. at 555).
>
> When considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), <u>the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff</u>. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008).

*See also Fernandez v. Kroll Associates, Inc.,* 2010 WL 337687 (S.D. Fla. 2010)(Judge Cooke) where this Court's Order Denying Defendant's Motion to Dismiss Plaintiff's Breach of Contract claim, re-confirms the following legal standard for Motions to Dismiss:

> In a Rule 12(b)(6) motion to dismiss, "<u>the pleadings are construed broadly</u>," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir.2006), <u>and the allegations in the complaint are viewed in the light most favorable to the Plaintiff,</u> *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir .1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555–556. To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1296 (11th Cir.2007). <u>Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.</u>

### III. <u>The Second Amended Complaint States Causes of Action for Breach of Contract</u>

In *Fernandez v. Kroll Associates, Inc.,* 2010 WL 337687 (S.D. Fla. 2010)(Judge Cooke) this Court's Order Denying Defendant's Motion to Dismiss Plaintiff's Breach of Contract claim, confirmed that "[t]he elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages," citing *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir.1999).

### A. Plaintiff's Count I for Breach of Contract States a Cause of Action

Plaintiff's Count I for breach of the parties' Memorandum of Appraisal agreement states a cause of action for breach of contract as it relates to Plaintiff's allegation that Defendant has breached the Memorandum of Appraisal by "intentionally causing losses and damages to be considered despite the parties express agreement that no other damages would be considered . . ." (i.e. Defendant caused the appraisal panel to consider the Second Loss when the parties agreed that only the First Loss would be considered).[1]

(i) First Element of Breach of Contract - "A Valid Contract"

¶ 29 of Count I of the Second Amended Complaint confirms that "Plaintiff and Defendant entered into a contract, to wit, the Memorandum of Appraisal" attached as Exhibit B to the Second Amended Complaint at DE 56-2.  *See also* ¶¶ 18-19 of the Second Amended Complaint, confirming that the parties entered into the Memorandum of Appraisal in December 2019.

As such, Plaintiff has satisfied the first element.

(ii) Second Element of Breach of Contract - "A Material Breach"

¶ 9 of the Second Amended Complaint factually alleges that the First Loss was "on or about December 1, 2016."

¶ 15 of the Second Amended Complaint factually alleges that the Second Loss was two(2) months later "on or about February 1, 2017."

---

[1] Plaintiff does not dispute that the Memorandum of Appraisal states that the parties agree that the inability to complete the appraisal within 90 days shall not invalidate or otherwise be considered to be a breach of this agreement, and therefore Plaintiff withdraws her allegations only in regard to that specific allegation subject to Count. I  That said, and as cited herein, that allegation is completely separate and apart from Plaintiff's allegation in Count I that Defendant intentionally caused losses and damages to be considered by the appraisal panel despite the parties agreement that no other damages would be considered.

¶ 20 of the Second Amended Complaint cites to Paragraph 5 of the parties' Memorandum of Appraisal which confirms that **"[t]he Award of Appraisal shall address only loss or damage caused by the reported water loss occurring on or about November 30, 2016,[2] and shall not consider damage caused by any other events or non-covered perils."**

¶¶ 21(a) of the Second Amended Complaint factually alleges the following in support of Plaintiff's Count I for Breach of Contract:

> On May 21, 2020 . . . Defendant's appraiser drafted an objection, attached as Exhibit "C", which forced the consideration of other damages, from other losses, in direct contravention to Agreement:
>
> 1. The QBE Appraiser, in drafting the objection in his email, forced the Appraisal process to answer the fundamental question: how much damage was done by the Second Loss in order to accept the QBE's Appraiser's allegation that "more significant event" or a "majority of the damage" was caused by the Second Loss.
> 2. This conduct by Defendant's appraiser forced the Appraisal to enter into a determination of the scope and comparative size of the Second Loss, which violates the terms of the Appraisal.
> 3. The parties, in entering into the Appraisal, already agreed that the source of the "majority" or "most" of the loss was already determined, it was only up to the Appraisal process to define (or "appraise") the amount of the damage.
> 4. Instead, the Appraisal process was intentionally perverted for another purpose: to evaluate competing potential sources and the degree or relative substance of each source – something expressly prohibited by the Agreement.

¶ 22(c) of the Second Amended Complaint also factually alleges that "[t]he QBE appointed appraiser . . . raise[d] matters outside the agreed terms. . ."

---

[2] The first Whereas clause on Page 1 of the Memorandum of Appraisal also refers to the same loss to have been on or about "December 1, 2016," which is consistent with Plaintiff's factual allegations as to the date of the first loss subject to the Second Amended Complaint.

¶ 25(c)(d) and (f) of the Second Amended Complaint factually alleges the following:

> [T]he specific terms and provisions of the Memorandum of Appraisal that were breached include:
>
> c. "Patrick Lewis (Appraiser for QBE) ... selected and [is] hereby appointed...to appraise, in accordance with the terms and conditions of said policy, the amount of loss directly caused by the water loss occurring on or about November 30, 2016." (Page 2, Paragraph 1)
>
> d. "As part of the Appraisal, each appraiser shall address only loss or damage caused by the subject water loss on November 30, 2016, and shall not consider damage caused by any other events or non-covered perils." (Page 2, "Appraisal Terms and Conditions", Section 1)
>
> f. The Award of Appraisal shall address only loss or damage caused by the reported water loss occurring on or about November 30, 2016, and shall not consider damage caused by any other events or non-covered perils. (Page 2, "Appraisal Terms and Conditions", Section 5)

¶ 30 of Count I of the Second Amended Complaint alleges that "Defendant has breached that contract as alleged in paragraphs 20-21, to wit: intentionally causing losses and damages to be considered despite the Agreement that no other damages would be considered . . ."

The foregoing facts sufficiently allege that Defendant materially breached Paragraphs 1 and 5 of the parties' Memorandum of Appraisal, and therefore Plaintiff has satisfied the second element.

(iii) <u>Third Element of Breach of Contract - "Damages"</u>

Plaintiff's WHEREFORE clause in the Second Amended Complaint demands damages, and therefore Plaintiff has satisfied the third element.

   (iv) <u>Defendant's Arguments that Count I Should be Dismissed Fail</u>

Defendant's arguments to dismiss Count I for breach of the parties' Memorandum of Appraisal fail for the following reasons:

<u>First,</u> Defendant does not argue that Plaintiff has not alleged the three (3) requisite elements of a breach of contract cause of action (because, as cited above, Plaintiff has).

<u>Second</u>, Plaintiff's initial Complaint [DE 1-2] and Amended Complaint [DE 22] did not contain separate causes of action for Defendant's breach of the parties' Memorandum of Appraisal (as is now pleaded in the Second Amended Complaint), and instead the initial Complaint and the Amended Complaint asserted a single count for breach of parties' insurance policy.  Thus, the Court has not dismissed this specific cause of action before.

<u>Third,</u> in regard to Defendant's argument that the exhibits attached to the Second Amended Complaint purportedly negate Plaintiff's allegations in support of Count I for breach of the parties' Memorandum of Appraisal, that argument fails because nowhere in any of the attachments does it state that Plaintiff consented to the appraisal panel considering any additional loss or damage beyond the First Loss.  In fact, it was the exact opposite.  *See* Paragraph 5 of the parties' Memorandum of Appraisal [attached as Exhibit B to the Second Amended Complaint] which confirms the following:

> <u>The Award of Appraisal shall address only loss or damage caused by the reported water loss occurring on or about November 30, 2016, and shall not consider damage caused by any other events or non-covered perils.</u>

And as factually alleged at ¶ 30 of Count I of the Second Amended Complaint, Plaintiff alleged that "Defendant has breached that contract as alleged in paragraphs 20-21, to wit: intentionally causing losses and damages to be considered despite the Agreement that no other damages would be considered . . ."

As such, Plaintiff has not only stated a valid cause of action for breach of contract, but nowhere in the exhibits do the exhibits negate Plaintiff's foregoing allegations in support of Count I.

### B. Plaintiff's Count II for Breach of Contract States a Cause of Action

Plaintiff's Count II for Breach of Contract states a cause of action for breach of contract as to the parties' insurance policy.

#### (i) First Element of Breach of Contract - "A Valid Contract"

¶ 33 of Count II of the Second Amended Complaint confirms that "Plaintiff and Defendant entered into a contract . . . attached as Exhibit "A," which is the policy attached to the Second Amended Complaint at DE 56-1.  *See also* ¶ 7 of the Second Amended Complaint confirming that "[a]t all times material, the subject property was insured under a policy of insurance issued by Defendant to Plaintiff, specifically, policy number QSN2847600.  A copy of said policy is attached hereto as Exhibit "A"."

As such, Plaintiff has satisfied the first element.

#### (ii) Second Element of Breach of Contract - "A Material Breach"

¶ 8 of the Second Amended Complaint confirms that "[a]t all times material, the policy of insurance was in full force and effect, to wit: April 7, 2016 to April 7, 2017 [and that] it provides that Defendant provides coverage for property damage, including contents, rendered to Plaintiff's property that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Florida law."

¶ 9 of the Second Amended Complaint factually alleges that the First Loss was "on or about December 1, 2016."

¶ 15 of the Second Amended Complaint factually alleges that the Second Loss was two(2) months later "on or about February 1, 2017."

¶ 16 of the Second Amended Complaint factually alleges that "Plaintiff advised Defendant that payments were insufficient for what was believed to be the actual value of the loss, and Defendant indicated that no further payments would be forthcoming."

¶ 34 of Count II of the Second Amended Complaint factually alleges that "Defendant has breached that contract by failing to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and by failing to pay the requested amounts for repairs and/or replacement, plus interest, pursuant to the terms of the policy."

The foregoing facts sufficiently allege that Defendant materially breached the parties insurance policy, and therefore Plaintiff has satisfied the second element.

       (iii)    <u>Third Element of Breach of Contract - "Damages"</u>

Plaintiff's WHEREFORE clause in the Second Amended Complaint and ¶ 35 of Count II of the Second Amended Complaint demand damages, and therefore Plaintiff has met the third element.

       (iv)    <u>Defendant's Arguments that Count II Should be Dismissed Fail</u>

Defendant's arguments to dismiss Count II for breach of the parties' insurance policy also fail for the following reasons:

<u>First,</u> Defendant does not argue that Plaintiff has not alleged the three (3) requisite elements of a breach of contract cause of action (because, as cited above, Plaintiff has).

<u>Second,</u> in regard to Defendant's argument that the exhibits attached to the Second Amended Complaint purportedly negate Plaintiff's allegations in support of Count II for

breach of the parties' insurance policy, the argument fails because nowhere in any of the attachments does it state that Plaintiff concedes that Defendant is not responsible for the payment of Plaintiff's damages and/or loss, and that Defendant has paid the requested amounts for repairs and/or replacement, plus interest, pursuant to the terms of the policy.

Instead, Plaintiff has pleaded the opposite, as alleged at ¶ 34 of Count II of the Second Amended Complaint, whereby Plaintiff factually alleges that "Defendant has breached that contract by failing to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and by failing to pay the requested amounts for repairs and/or replacement, plus interest, pursuant to the terms of the policy."

As such, Plaintiff has not only stated a valid cause of action for breach of contract, but nowhere in the exhibits do they negate Plaintiff's foregoing allegations in support of Count II.

### IV.     Conclusion

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

### V.     Request for Hearing

Pursuant to S.D. Fla. Local Rule 7.1(b)(2), Plaintiff respectfully requests a hearing on the Motion to Dismiss, and respectfully submits that a hearing would be helpful so that the new undersigned co-counsel for Plaintiff can advocate to the Court Plaintiff's positions in opposition to the Motion to Dismiss, and Plaintiff estimates that a 30-minute hearing is sufficient time for counsel for both parties to advocate their respective positions as to the Motion to Dismiss.

Dated:  August 20, 2021

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Co-Counsel for Plaintiff May Ann Guzy*
Museum Tower - Penthouse 2800
150 West Flagler Street
Miami, Florida  33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno III
    Fla. Bar No. 21249
    herman2@russomanno.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on any and all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Herman J. Russomanno III