IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23169-CIV-COOKE/GOODMAN

MARY ANN GUZY,

    Plaintiff,

v.

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO STAY LITIGATION ON ATTORNEY'S FEES AND COSTS PENDING APPEAL

In this breach of contract action, the insured, Mary Ann Guzy ("Plaintiff" or "Guzy"), moves to stay litigation on her insurer's, QBE Specialty Insurance Company ("QBE" or "Defendant"), request for attorney's fees and costs while Plaintiff's appeal is pending before the United States Court of Appeals for the Eleventh Circuit. [ECF No. 89]. United States District Judge Marcia G. Cooke referred Plaintiff's motion to stay to the Undersigned for "appropriate resolution in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B)." [ECF No. 95].

For the reasons set forth below, the Undersigned **denies** Plaintiff's motion to stay litigation on attorney's fees and costs pending appeal.

**I.       Background**

As stated in Judge Cooke's Order on Motion to Dismiss [ECF No. 80], Plaintiff is the owner of a residential property insured by Defendant. Plaintiff initially sued Defendant in 2018 for breach of an insurance policy involving a claim for water damage to Plaintiff's property which occurred in 2016. *Guzy v. QBE Specialty Insurance Company*, Case No. 18-cv-24691-DLG (S.D. Fla. Nov. 8, 2018). Following a joint stipulation by the parties, the Court dismissed the 2018 lawsuit without prejudice in September 2019.

In December 2019, the parties entered into an appraisal agreement. The parties participated in the appraisal process. However, in June 2020, Plaintiff withdrew from the appraisal process after advising the appraisal panel that QBE had purportedly violated the terms of the appraisal agreement.

In July 2020, Plaintiff filed the instant action. The Second Amended Complaint asserted two breach of contract claims based on QBE's alleged violations of the appraisal agreement and the insurance policy. [ECF No. 56].

QBE moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. [ECF No. 59]. On February 1, 2022, Judge Cooke dismissed with prejudice Plaintiff's Second Amended Complaint, finding that "Guzy ha[d] not stated a claim that QBE breached the appraisal agreement by having the appraisal panel consider damages occurring after November or December 2016" and that "because . . . Guzy ha[d] not

demonstrated a breach of the appraisal agreement, she [could not] show a breach of the underlying policy." [ECF No. 80].

Having prevailed on its motion to dismiss, Defendant now seeks to recover attorney's fees and costs. Plaintiff appealed Judge Cooke's Order and moves to stay fees and costs litigation while her appeal is pending. [ECF Nos. 80; 83; 89]. Defendant filed a response in opposition and Plaintiff filed an optional reply. [ECF Nos. 97-98].

## II.     Analysis

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). At the same time, a district court "retain[s] jurisdiction to consider motions that are collateral to the matters on appeal," such as fees and costs motions. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007).

District courts have discretion to stay consideration of fees and costs during the pendency of an appeal. *See* Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based

on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.").

"While Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is 'not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.'" *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020) (quoting *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010), report and recommendation adopted, No. 19-21289-CIV, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020)); *see also Levesque v. GEICO*, No. 15-CIV-14005, 2021 WL 7540798, at *1 (S.D. Fla. Aug. 31, 2021) ("In this district, the regular practice of the courts is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." (citation and internal quotation marks omitted)). Thus, the norm is *not* to defer ruling on fees and costs until after the appeal.

Courts sometimes deviate from this norm where "both parties are in agreement to stay the issue pending appeal" or "in instances where the appellate issue is based upon a split of decisions between Circuits, a case of first impression, or should be stayed pending an imminent appellate decision on a similar legal issue." *Levesque*, 2021 WL 7540798, at *1 (citations omitted). Here, Defendant opposes Plaintiff's request for a stay

4

and Plaintiff has not identified any novel or unsettled questions of law implicated by her appeal. To the contrary, based on Plaintiff's discussion of the first factor (likelihood of success on the merits), *see infra*, her appeal appears to concern a garden-variety claim of legal error.

In determining whether to grant a stay, courts consider four factors: "(1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest." *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021), report and recommendation adopted, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021). The burden of meeting these four factors is on the party seeking the stay. *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-CIV-21583, 2022 WL 783203, at *1 n.1 (S.D. Fla. Mar. 14, 2022) (citing *Tamiami Condo. Warehouse Plaza Assoc., Inc. v. Markel Am. Ins. Co.*, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020)).

Here, Guzy did not raise *any* substantive arguments concerning the four-factor test until her reply. A court typically does not address an argument raised for the first time in a reply. *See WBY, Inc. v. DeKalb Cty., Ga.*, 695 F. App'x 486, 492 (11th Cir. 2017) ("Because [movant's] current theory of probable cause was raised clearly in his reply brief only, it was within the district court's discretion to decline to address that theory."); *Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, No. 15-23420-CIV, 2016 WL

1756911, at *1 (S.D. Fla. May 3, 2016) ("[I]t is improper for a party to raise a new argument in its reply."); *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F.Supp.3d 1311, 1322 n.3 (S.D. Fla. 2015) (refusing to consider argument raised for the first time in a reply brief).

Moreover, even considering Guzy's belated analysis of the four factors, the instant Motion must still be denied because Guzy has failed to carry her burden of proof.

Of the four factors, the first -- likelihood of success on the merits -- is the most important. *MSPA Claims 1, LLC*, 2022 WL 783203, at *1 n.1 ("Likelihood of success is the most important factor, although a stay may be granted upon a 'substantial case on the merits' when factors 2, 3, and 4 'weigh[] heaving [sic] in granting the stay.'" (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Plaintiff has not shown she is likely to succeed on the merits of her appeal. Guzy addresses the first factor as follows:

> Plaintiff is likely to prevail on the merits of her appeal because Plaintiff's Second Amended Complaint [DE 56] states a cause of action for Breach of Contract by alleging (i) a valid contract; (ii) a material breach; and (iii) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). When considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Moreover, in a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

[ECF No. 98, p. 2 (footnotes omitted)].

6

A rote recitation of the applicable legal standards is insufficient to satisfy the first factor. Notably absent from Guzy's discussion of this first factor is any *analysis* of Judge Cooke's Order on Motion to Dismiss [ECF No. 80]. Although Plaintiff cites the legal standard applicable to a motion to dismiss, she does not engage in any detailed discussion of why Judge Cooke's reasoning was flawed or provide any examples of factually analogous Eleventh Circuit cases which would suggest that a reversal is likely. *See MSPA Claims 1, LLC*, 2022 WL 783203, at *1 n.1 (finding first factor was not met where the movant failed to "cite to any cases supporting its likelihood of success on the merits on appeal"). In sum, Plaintiff has not met her burden on this first, most-important factor.

Guzy has also failed to show irreparable harm. In support of this factor, Guzy argues that she:

> will . . . suffer irreparable harm absent a stay because if a stay is not granted and Plaintiff succeeds in her appeal, Plaintiff (and the Court and Defendant) would have wasted considerable time and/or money litigating an attorney's fees and costs claim that would be moot and vacated by the Court.

[ECF No. 98, p. 6].

Plaintiff cites no cases for the proposition that wasted effort and fees incurred in litigating attorney's fees and costs are irreparable harms. If Plaintiff's proffered reason was sufficient to meet this prong, then the irreparable harm factor would be met in virtually *every* case. "Litigants always incur additional fees, costs, and expenses if a requested stay were to be denied." *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV, 2018 WL 6444920, at *1 (S.D. Fla. Dec. 10, 2018); *see also Sunbeam Prod., Inc. v. Hamilton Beach*

7

*Brands, Inc.*, No. 3:09-CV-791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010) ("The mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay.").

Having determined that Plaintiff fails to meet the first two factors of the four-factor test, it is not necessary to address the remaining two factors -- substantial harm to the opposing side and public interest. *See Doe*, 2021 WL 3230424, at *3 (declining to stay litigation on costs where the movant failed to meet the first two factors). Even if the remaining factors weigh in favor of Plaintiff, it would still not be sufficient to warrant a stay. *See In re Lickman*, 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003) ("The movant must show satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion." (citation and internal quotation marks omitted)).

Guzy cites multiple cases where the district court has exercised its discretion and granted stays pending appeal, including *Liberty Mutual Fire Ins. Co. v. State Farm Fla. Ins. Co.*, No. 15-20941-CIV, 2018 WL 9708621, at *1 (S.D. Fla. Sept. 5, 2018). *Liberty Mutual* is readily distinguishable from this case.

In *Liberty Mutual*, the parties filed *cross*-notices of appeal and each filed a motion for attorney's fees and costs. *Id.* The Undersigned deferred ruling on attorney's fees and costs while the appeal was pending, specifically noting that:

> **this is not a case where only one party is appealing the judgment and is requesting a stay in hopes that the appeal resolves in its favor**. Instead, this is a case where some issues were resolved in Liberty Mutual's favor and some issues were resolved in State Farm's favor and *both* parties want

8

> a different result. The Eleventh Circuit's disposition may affect entitlement and amount for attorney's fees and costs. Therefore, interests of judicial efficiency weigh strongly in favor of waiting for a decision from the Eleventh Circuit before undergoing briefing, analysis of entitlement, and (if warranted by an entitlement conclusion) calculation of proposed attorney's fees or costs, as both parties wish for some part of the judgment to be changed. It is unwise to knowingly permit substantial resources to be potentially wasted through an assessment of factual and legal arguments and exhibits concerning fees and costs only to have to redo the review and analysis after the appeal.

*Id.* at *2 (bold emphasis added). In contrast, the instant case *is* "a case where only one party is appealing the judgment and is requesting a stay in hopes that the appeal resolves in [her] favor." *Id.*

Unlike *Liberty Mutual* (where *both* parties moved for attorney's fees and *both* parties filed notices of appeal), the instant case involves only one party (Defendant) who has moved for fees and costs and only one party (Plaintiff) has filed an appeal. Even a partial reversal by the Eleventh Circuit in *Liberty Mutual* (where both parties were appealing the Court's ruling and both parties were claiming entitlement to attorney's fees and costs) could have substantially changed both the entitlement and the amount of fees sought at the district court level.

These complexities are simply not present here. If Plaintiff prevails on appeal, then the District Court can simply vacate any fees and costs judgment entered in favor of QBE. If QBE prevails on appeal, then the issue of fees and costs at the district court level will have already been decided.

### III. Conclusion

Plaintiff has failed to show that litigation on attorney's fees and costs should be stayed in this matter while the appeal is pending. Accordingly, the Undersigned **denies** Plaintiff's motion to stay. Any fees motion filed by Defendant shall be in accordance with ECF No. 94 and the parties shall adhere to the briefing schedule set forth in the Local Rules.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 22, 2022.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record