IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23169-CIV-ROSENBERG/GOODMAN

MARY ANN GUZY,

 Plaintiff,

v.

QBE SPECIALTY INSURANCE
COMPANY,

 Defendant.

_____/

## OMNIBUS REPORT AND RECOMMENDATIONS ON
## QBE'S MOTIONS FOR ATTORNEY'S FEES, EXPENSES, AND COSTS

Plaintiff Mary Ann Guzy ("Plaintiff" or "Guzy") brought this action for breach of

insurance contract against her insurer, QBE Specialty Insurance Company ("QBE" or

"Defendant"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida on June 24, 2020. [ECF Nos. 1; 1-2]. On July 30, 2020, QBE removed this

action to the United States District Court for the Southern District of Florida, based on

diversity jurisdiction, 28 U.S.C. § 1332. [ECF No. 1].

Ultimately, the Court dismissed with prejudice Plaintiff's Second Amended

Complaint for failure to state a claim. [ECF No. 80]. Plaintiff filed a notice of appeal. [ECF

No. 83]. The Eleventh Circuit affirmed the with-prejudice dismissal of Plaintiff's Second

Amended Complaint in a *per curiam* decision. *See Guzy v. QBE Specialty Ins. Co.*, No. 22-10668, 2023 WL 1458021, at *3 (11th Cir. Feb. 2, 2023).

QBE seeks to recover $36,510.50 in attorney's fees and non-taxable expenses in the form of expert fees at a rate of $425.00 per hour pursuant to Florida's offer of judgment statute, Fla. Stat. § 768.79. [ECF No. 100]. QBE also seeks $1,764.25 in taxable costs pursuant to 28 U.S.C. § 1920. [ECF Nos. 84; 84-3]. Plaintiff disputes QBE's entitlement to fees and costs. [ECF No. 100, p. 7].

This matter was referred to the Undersigned for a Report and Recommendations. [ECF No. 5]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** QBE's motions and award QBE **$36,510.50** in attorney's fees, $0.00 in expenses (i.e., non-taxable costs), and $893.45 in taxable costs.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the owner of a residential property insured by Defendant. Plaintiff initially sued Defendant in 2018 for breach of an insurance policy involving a claim for water damage to Plaintiff's property which occurred in 2016. *Guzy v. QBE Specialty Insurance Company*, Case No. 18-cv-24691-DLG (S.D. Fla. Nov. 8, 2018). Following a joint stipulation by the parties, the Court dismissed the 2018 lawsuit without prejudice in September 2019.

In December 2019, the parties entered into an appraisal agreement. Pursuant to the agreement, the parties participated in the appraisal process. However, in June 2020, Plaintiff withdrew from the appraisal process after advising the appraisal panel that QBE had purportedly violated the terms of the appraisal agreement.

Plaintiff filed this lawsuit in state court and QBE removed the action to federal court on July 30, 2020. [ECF No. 1]. The Second Amended Complaint asserted two breach of contract claims based on QBE's alleged violations of the appraisal agreement and the insurance policy. [ECF No. 56].

QBE moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. [ECF No. 59]. The Court dismissed with prejudice Plaintiff's Second Amended Complaint, finding that "Guzy ha[d] not stated a claim that QBE breached the appraisal agreement by having the appraisal panel consider damages occurring after November or December 2016" and that "because . . . Guzy ha[d] not demonstrated a breach of the appraisal agreement, she [could not] show a breach of the underlying policy." [ECF No. 80]. As discussed above, Plaintiff appealed this ruling to the Eleventh Circuit and lost.

## II.    ANALYSIS

QBE filed a motion and bill of costs [ECF Nos. 84; 84-3] and an amended motion for attorney's fees and non-taxable costs [ECF No. 100]. Guzy filed responses [ECF Nos. 90; 106] to the pending motions and QBE filed optional replies and a notice of filing [ECF Nos. 96; 107-08]. The Undersigned will address QBE's request for fees and costs below.

a.      Attorney's Fees

i.      Entitlement to Attorney's Fees[1]

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law").

"Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Am. Family Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). The Eleventh Circuit has stated that "Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases, like this one, that are tried in the State of Florida[.]" *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002); *Steffen v. Akerman Senterfitt*, No. 804CV1693T24MSS, 2007 WL 9723389, at *4 (M.D. Fla. Mar. 20,

---

[1]      Defendant's entitlement to taxable and non-taxable costs will be addressed separately.

4

2007) ("Florida Statute § 768.79 is substantive in nature for *Erie* purposes and applies in diversity cases in federal court in Florida.").

Section 768.79 states, in pertinent part, that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer. . . .

Fla. Stat. § 768.79(1).

Section 768.79(2) further requires that the offer:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.
>
> The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2).

"Rule 1.442 dictates the service, form, and content of a settlement proposal made pursuant to section 768.79." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *3 (M.D. Fla. June 4, 2020), report and recommendation adopted sub nom. *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). It requires

that an offer of judgment be in writing, identify the Florida law under which it is being

made and:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) state with particularity any relevant conditions;
>
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>
> **(F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and**
>
> (G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.[2]

Fla. R. Civ. P. 1.442(c)(2) (emphasis and footnote added).

Here, QBE served a Proposal for Settlement on Guzy [ECF No. 100-1], which Guzy

did not accept. Thereafter, the Court dismissed with prejudice Plaintiff's Second

Amended Complaint [ECF No. 80] and the Eleventh Circuit affirmed this ruling in *Guzy*,

2023 WL 1458021. Thus, Guzy recovered nothing from QBE in this matter.

---

[2]   The Eleventh Circuit in *Horowitch v. Diamond Aircraft Indus., Inc.* held that subsection (c)(2)(G)'s certificate of service requirement is procedural under *Erie* and is inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 5(d)(1). 645 F.3d 1254, 1258-59 (11th Cir. 2011).

Plaintiff contends that "Defendant is not entitled to attorney's fees because its Proposal for Settlement . . . does not state 'whether attorneys' fees are part of [Plaintiff's] legal claim,' as is required by Fla. Civ. P. 1.442(c)(2)(F) and [*Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254 (11th Cir. 2011)]." [ECF No. 106, p. 3].

Defendant points to paragraph 4 of its Proposal for Settlement, which states: "This offer/proposal of One Thousand Five Hundred Dollars and no cents ($1,500.00), **is inclusive of attorney's fees, costs and all claims for interest sought in this action**." [ECF No. 108, p. 2 (quoting [ECF No. 100-1, p. 2 (emphasis in reply)]). Thus, Defendant states that "[its] Proposal for Settlement not only identifies that the offer is inclusive of fees and costs, it also specifically identifies the fact that Plaintiff sought these elements of damages in the action." *Id.*

Alternatively, Defendant argues that:

even if the statement in paragraph 4 was actually vague (which QBE maintains it is not), the [Eleventh] Circuit Court of Appeals in *Toto* similarly refused to invalidate a Proposal for Settlement that did not specifically exclude attorney's fees but stated that acceptance of the offer would result in a "full and final resolution of all claims made in this action."

*Id.* (quoting *Toto*, 311 F.3d at 1082).

"Both section 768.79 and rule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that we strictly construe both the statute and the rule." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013).

A "settlement proposal [must] be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). At the same time, courts have "not required the elimination of every ambiguity—only reasonable [ones]." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018). The Florida Supreme Court has stated that "[p]roposals for settlement are intended to end judicial labor, not create more" and has "discouraged [courts] from 'nitpicking' proposals for settlement to search for ambiguity." *Id.* (quoting *Nichols*, 932 So. 2d at 1079).

Here, the Proposal for Settlement: (1) was in writing; (2) stated that it was made pursuant to Fla. Stat. § 768.79; (3) named QBE as the offeror and named Guzy (the party to whom the offer was being extended) as the offeree; (4) stated the total amount of the offer; and (5) stated that there was no claim for punitive damages and therefore no portion of the proffered amount related to punitive damages. [ECF No. 100-1].

Plaintiff's state court complaint (the operative complaint at the time of service of the proposal for settlement) stated:

24.     Defendant's conduct has caused Plaintiff to retain the services of the undersigned counsel to represent her in this action, and **Plaintiff is entitled to attorney fees and costs pursuant to Florida law**, and specifically pursuant to Section 627.428 and/or Section 626.9373, Florida Statutes.

WHEREFORE, based on the foregoing, Plaintiff, MARY ANN GUZY, demands judgment against Defendant, QBE SPECIALTY INSURANCE COMPANY, for damages, **interest, attorney fees, costs**, and any other such relief that this Honorable Court deems just and proper.

8

[ECF No. 1-2, pp. 5-6 (emphasis added)].

Defendant's Proposal for Settlement stated:

3.      This offer of One Thousand Five Hundred Dollars and no cents ($1,500.00) is **made to resolve all claims made**, or that could have been made, as well as all damages, of Plaintiff, MARY ANN GUZY, that could otherwise be awarded in a final judgment in this action, in exchange for a signed release and dismissal of this action with prejudice.

4.      This offer/proposal of One Thousand Five Hundred Dollars and no cents ($1,500.00), is **inclusive of attorney's fees**, costs and all claims for interest **sought in this action**.

[ECF No. 100-1, pp. 1-2 (emphasis added)].

In *Illoominate Media, Inc. v. CAIR Fla., Inc.*, this Court determined that an "offer of judgment [met] all the substantive criteria of Florida's Offer of Judgment Statute and Rule 1.442(c)(2). No. 9:19-CV-81179-RAR, 2021 WL 4030008, at *3 (S.D. Fla. Aug. 4, 2021), aff'd, No. 19-CV-81179-RAR, 2022 WL 708754 (S.D. Fla. Feb. 3, 2022), aff'd, No. 22-10718, 2022 WL 4589357 (11th Cir. Sept. 30, 2022). The Court found that the offer met the requirement that the offer state whether attorney's fees were included in the claim where it contained the following language: "Within the total Offer amount stated, it includes any costs and attorney's fees attorney's fees [sic], **which are sought or by which Plaintiffs are or may be entitled[.]**" *Id.* (emphasis added).

Similarly, in *Griffin v. Philip Morris USA, Inc.*, the district court determined that a proposal for settlement complied with Fla. R. Civ. P. 1.442(c)(2)(F)'s requirement that a proposal state whether attorneys' fees are part of the legal claim where the proposal at

issue stated: "AMOUNT PROPOSED TO SETTLE THE CLAIM FOR ATTORNEYS' FEES: If [Defendant] accepts this Proposal for Settlement, Plaintiff will not seek attorneys' fees from [Defendant] and each party will bear its own attorneys' fees and costs." No. 3:09-CV-11128, 2014 WL 12619188, at *2 (M.D. Fla. Nov. 3, 2014) (capitalization in original). The court reasoned that "[b]y specifically referencing settlement of the claim for attorneys' fees in his proposal for settlement, Plaintiff represented that a claim for attorneys' fees was being asserted in the underlying complaint and that he was proposing an amount to settle the claim." *Id.*

Here, QBE's Proposal for Settlement informed Guzy that the amount offered "[was] inclusive of **attorney's fees**, costs and all claims for interest **sought in this action**." [ECF No. 100-1, p. 2 (emphasis added)]. As noted above, Guzy had sought to recover attorney's fees in her initial, then-operative Complaint. [ECF No. 1-2, p. 6 (listing "interest, attorney fees, [and] costs")]. Thus, the instant Proposal for Settlement fully and clearly complied with the requirements of Rule 1.442(c)(2)(F).

In sum, the Proposal for Settlement in the instant case unequivocally and unambiguously informed Plaintiff that attorney's fees **were** included as part of the $1,500.00 offer and were part of her claim. [ECF No. 100-1, p. 2]. The Proposal for Settlement was "sufficiently clear and free of ambiguity to allow [Guzy] the opportunity to fully consider the proposal." *Allen v. Nunez*, 258 So. 3d at 1211 (citing *Nichols*, 932 So. 2d at 1079).

For these reasons, the District Court should find that the Proposal for Settlement is valid and consequently award Defendant reasonable attorney's fees (entitlement to expenses and taxable costs will be addressed separately).

### ii.        Amount

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The moving party bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *Barnes*, 168 F.3d at 427.

Guzy does not dispute the reasonableness of the hourly rates sought in this case or the number of hours expended. [ECF No. 106, p. 1]. Nonetheless, the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought

are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party); *United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).

### 1.     Reasonable Hourly Rate

The Court must evaluate the reasonableness of counsel's hourly rate. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1302 (internal citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923

F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974)).

Here, QBE seeks an hourly rate of $225.00 for partners William Lewis, Esq. (admitted to the Florida Bar in 1991) and Tracy Jurgus, Esq. (admitted in 2001), a rate of $190.00 for associates Kaitlyn Dugas, Esq. and Lauren Maddox, Esq. (both admitted in 2017), and $95.00 for paralegals Linda Terry (25 years of experience) and Lilliam Cardoza Gutierrez (20 years of experience). [ECF No. 96-1, ¶ 7].

While Plaintiff maintains that Defendant is not entitled to attorney's fees, she does not object to the hourly rates sought. *See* [ECF No. 106, p.1 ("*[I]f* the Court finds that Defendant is entitled to attorney's fees (and its [sic] Plaintiff's position Defendant is not entitled to fees), then Plaintiff had/has no objection to Defendant's attorneys' and paralegals' hourly rates and no objection to the amount of hours Defendant's attorneys and paralegals spent on this case." (emphasis in original))].

The Undersigned has no difficulty concluding that the hourly rates charged in this case are *more* than reasonable for Defendant's timekeepers. Attorneys with less experience than Defendant's attorneys have been awarded higher hourly rates in insurance-related cases filed in this District. *See, e.g., Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *6 (S.D. Fla. Jan. 15, 2019) (awarding $275.00 per hour to an attorney with eleven years of experience in an insurance coverage action), report and recommendation adopted sub nom. *Capitol Specialty Ins. Corp. v. Ortiz by &*

*Through Corona*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019); *Atain Specialty*

*Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV, 2021 WL 4976228, at *3 (S.D.

Fla. July 12, 2021) (awarding hourly rate of $375.00 to attorney with twelve years of

experience who worked mostly on insurance-related disputes), report and

recommendation adopted, No. 20-62089-CIV, 2021 WL 4472081 (S.D. Fla. Sept. 30, 2021);

*GBS Inv. Grp. v. United Specialty Ins. Co.*, No. 18-23310-CIV, 2020 WL 5356562, at *6 (S.D.

Fla. Aug. 11, 2020)), report and recommendation adopted, No. 18-23310-CIV, 2020 WL

5355966 (S.D. Fla. Sept. 6, 2020) (finding hourly rate of $200.00 to $215.00 for attorney with

more than 24 years of experience and paralegal hourly rates of $105.00 to $110.00 to be

more than reasonable).

Accordingly, QBE should be awarded the requested hourly rates of $225.00 for

partners, $190.00 for associates, and $95.00 for paralegals. [ECF No. 96-1, ¶ 7].

### 2.    Reasonable Hours Expended

The Court must next evaluate the reasonableness of the total hours expended by

QBE's counsel. The moving party bears the burden of providing the Court with

sufficiently detailed records so that the Court can assess the time claimed for each

activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV,

2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys'

fees bears the burden of providing specific and detailed evidence so that a determination

can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432-33)).

The party requesting fees must exercise "billing judgment" and must exclude from its fees motion hours that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. This task may be accomplished by either applying an hour-by-hour analysis or making an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Judges "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

The Undersigned finds the hours expended (196.50) to be reasonable under the circumstances of this case. The Proposal for Settlement was served on November 9, 2020. [ECF No. 100-1, p. 3]. After that date, Defendant drafted two motions to dismiss [ECF Nos. 23; 59], replies to those motions [ECF Nos. 34; 67], a summary judgment motion

[ECF No. 36], a reply in support of the summary judgment motion [ECF No. 46], responses and supplemental responses to written discovery, prepared for and attended depositions, and prepared for and attended mediation. In total, Defendant's billing records reflect its attorney's spent 196.50 hours on this case, which is not an unreasonable amount of time considering that the bulk of the litigation occurred after the November 9, 2020 proposal for settlement.

Moreover, and as noted above, Guzy does not object to the number of hours (or amount of fees) sought by Defendant. [ECF No. 106, p. 1 (noting "no objection to the amount of hours Defendant's attorneys and paralegals spent on this case")].

Finally, all of the billing entries submitted by QBE fall within the recoverable time period, i.e., on or after the November 9, 2022 Proposal for Settlement.

For these reasons, QBE should be permitted to recover its requested attorney's fees of **$36,510.50**.

### b.   Expenses (Non-Taxable Costs)

QBE also seeks to recover for the work of its fees expert, Daniel Kaufman, Esq. It states that:

> [u]nder the Offer of Judgment statute, the prevailing party is entitled to recovery of the cost of retaining a testifying expert. Daniel Kaufman was retained to testify as to the reasonableness of the fees charged by Butler Weihmuller Katz Craig, LLP. He is entitled to expert fees at a rate of $425.00 per hour. *See R.J. Reynolds Tobacco Co. v. Lewis*, 275 So. 3d 747 (Fla. 5th [DCA] 2019).

[ECF No. 100, p. 7 (footnote omitted)]. QBE filed an invoice for Mr. Kaufman totaling $6,715.00 (15.8 hours at an hourly rate of $425.00). [ECF No. 96-6].

Guzy opposes Defendant's expert fee request "because fee experts are not necessary in this Circuit and Plaintiff had/has no objection to the hourly rates and hours incurred." [ECF No. 106, pp. 1-2]. She states that "[Eleventh] Circuit case law confirms that attorney's fee experts are not required in this Circuit." *Id.* at 2 (quoting *Norman*, 836 F.2d at 1303)]. Thus, Guzy reasons that "Defendant should not be awarded costs for Defendant's voluntary decision to retain an attorney's fee expert when in fact (i) attorney-fee experts are not required in this Circuit, and (ii) Plaintiff has never objected to the hourly rates or the amount of hours Defendant seeks in this action." *Id.*

QBE maintains that these expert fees are recoverable because "[Fla. Stat.] §[ ]768.79 allows for recovery of reasonable costs." [ECF No. 108, p. 3]. QBE also points out that "Plaintiff has consistently contested Defendant's *entitlement* to fees and costs." *Id.* at 4 (emphasis added). But, contesting entitlement is not the same as contesting the *amount* of costs, which Guzy has not done here. In any event, for the reasons discussed below, the Undersigned recommends that the District Court *deny* QBE's request for non-taxable expenses.

"The amount and nature of costs to be awarded in federal actions is governed by federal law, even in diversity cases such as this one." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *8 (M.D. Fla. June

4, 2020), report and recommendation adopted sub nom., *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). "Federal courts can only tax costs outside of 18 U.S.C. § 1920 where a statute 'explicitly' authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to costs." *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-00595-T-24, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010).

Florida's offer of judgment statute does not provide explicit authorization for the award of non-taxable costs in federal court. *Id.* ("[F]ind[ing] that [movant] can not [sic] receive any costs under Florida Statute § 768.79 beyond those already awarded under § 1920."); *Illoominate Media, Inc.*, 2021 WL 4030008, at *7 ("[C]osts not enumerated under 28 U.S.C. § 1920, such as travel expenses and expert fees, are not allowed, even under Section 768.79.").

In *Moody v. Integon Nat'l Ins. Co.*, Chief Magistrate Judge Torres explained that:

> Absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.C. 437, 445 (1987). . . . Courts can only tax outside of Section 1920 if a statute "explicitly" authorizes a court to do so or a court explicitly declares that the statute creates a substantive right to costs. *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010). Non-taxable costs are not recoverable under Section 768.79 because the statute does not explicitly authorize courts to award such costs.

No. 18-23094-CIV, 2019 WL 4731983, at *5 (S.D. Fla. July 30, 2019), report and recommendation adopted, No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019). The Undersigned finds this reasoning persuasive.

The Supreme Court has interpreted Rule 54(d) to include those costs already made taxable by statute, namely, 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 441–442; *see also Rosolen v. Home Performance All., Inc.*, No. 2:19-CV-24-JLB-NPM, 2021 WL 4822561, at *3 (M.D. Fla. Aug. 26, 2021) ("Section 1920 of Title 28 of the United States Code limits a district court's discretion under Rule 54(d)(1) by listing costs a court may allow."), report and recommendation adopted, No. 2:19-CV-24-JLB-NPM, 2021 WL 4399119 (M.D. Fla. Sept. 27, 2021); *King v. CVS Health Corp.*, No. 1:12-CV-1715-KOB, 2017 WL 6336323, at *10 (N.D. Ala. Dec. 12, 2017) ("Title 28 U.S.C. § 1920 specifies the categories of costs that are taxable under Rule 54(d)(1).").

QBE has not argued that Mr. Kaufman's fees are otherwise taxable under 28 U.S.C. § 1920. The Undersigned will not *sua sponte* raise this argument for it. *See Oakes v. Collier Cnty.*, No. 220CV568FTM38NPM, 2020 WL 6591194, at *5 (M.D. Fla. Nov. 11, 2020) ("Because Defendant makes no argument to dismiss the trespass claim for a pleading deficiency, the Court will not do its work for it.").

QBE has not shown entitlement to non-taxable costs. Accordingly, the Undersigned respectfully **recommends** that the District Court **deny** Defendant's request for non-taxable costs.

### c.    Taxable Costs

QBE also seeks $1,764.25 in taxable costs. [ECF No. 84]. This amount is broken down as follows: $400 for the removal fee, $1,080.00 for the service of subpoenas, and

19

$284.25 for costs associated with the deposition of corporate representative Shannon Grunst. *Id.* Plaintiff does not object to the specific costs sought by QBE. [ECF No. 90, p. 1].

Federal Rule of Civil Procedure 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Thus, absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1).

The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise

20

discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co.*, 482 U.S. at 441-42. "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the Court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Here, QBE prevailed in this case because the District Court entered a with-prejudice dismissal of Plaintiff's Second Amended Complaint. [ECF No. 80]. QBE is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

Although Guzy does not substantively dispute the cost amounts sought by Defendant, the Undersigned has nonetheless independently reviewed the costs sought by QBE to determine whether they are recoverable under § 1920. *See Monelus*, 609 F. Supp. 2d at 1333 ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought[,]

21

I believe the better approach is to analyze each part of the application and rule accordingly."); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits.").

For the reasons discussed below, some reductions and disallowances are warranted.

### i. Fees of the Clerk

QBE seeks to recover $400.00 for the filing fee for the notice of removal [ECF No. 1]. The payment of this removal fee is reflected on the Court's CM/ECF docket. *Id.* ("Filing fee $ 400.00 receipt number AFLSDC-13270936"). QBE also attached a copy of an email confirming payment. [ECF No. 84-3, pp. 12-14].

Because removal fees are taxable under section 1920(1), QBE is entitled to recover $400.00. *See Karpovtseva v. AIG Prop. Cas. Co.*, No. 21-CV-62537, 2022 WL 4238230, at *2 (S.D. Fla. Aug. 20, 2022), report and recommendation adopted, No. 21-CV-62537-RAR, 2022 WL 4235069 (S.D. Fla. Sept. 14, 2022) ("[T]he $402 filing fee [the] [d]efendant paid upon removal is clearly taxable under § 1920(1) and should be awarded.").

### ii.      Fees for Service of Subpoenas

Defendant also seeks to recover $1,080.00 for process server fees "relate[d] to subpoenas served for depositions and records." [ECF No. 84, p. 3].

In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *W&O*, 213 F.3d at 624). Presently, the United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Thus, a party may recover private process server fees as long as the rate does not exceed $65.00 per hour plus travel and out-of-pocket expenses.

The invoices submitted by QBE reflect process server fees which range from $40.00 to $45.00. These amounts are reasonable and should be awarded per witness. But Defendant attempted service on some witnesses multiple times and at multiple addresses. In the case of Karim Daneri, for instance, Defendant submitted *five* separate invoices for process server fees.

Defendant does not explain why it attempted service on some witnesses multiple times at different addresses. Because Defendant does not explain these charges, the Undersigned recommends that they be disallowed. *See, e.g., Johnson v. Cumberland Gulf Grp. of Co.*, No. 617CV788ORL41KRS, 2019 WL 11502526, at *5 (M.D. Fla. Jan. 23, 2019),

report and recommendation adopted, No. 617CV788ORL41KRS, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019) (recommending denial of charges for additional addresses where "there [was] no explanation in the motion why correct addresses were not provided in the subpoena").

Defendant also seeks to recover a total of $180.00 for two, $90.00 skip trace charges. But Defendant has not presented the Court with any case law supporting the taxation of skip trace services under § 1920. Accordingly, the skip trace fees should be excluded from the costs award. *See Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1370 (M.D. Ga. 2019) (excluding "rush fees or fees for investigating a tag number or conducting a skip trace because [the movant] did not point the [c]ourt to any authority that such costs are recoverable as '[f]ees of the . . . marshal'"); *Rizzo-Alderson v. Tawfik*, No. 5:17-CV-312-OC-37PRL, 2019 WL 3324298, at *4 (M.D. Fla. July 1, 2019), report and recommendation adopted sub nom. *Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A.*, No. 5:17-CV-312-OC-37PRL, 2019 WL 3323432 (M.D. Fla. July 24, 2019) ("[T]he $75.00 charge for skip trace services is not recoverable."); *Vista Clinical Diagnostics, LLC v. Markovic*, No. 617CV1491ORL41TBS, 2018 WL 4760821, at *2 (M.D. Fla. Aug. 7, 2018), report and recommendation adopted, No. 617CV1491ORL41TBS, 2019 WL 1383514 (M.D. Fla. Mar. 27, 2019) ("[The] [p]laintiffs also seek reimbursement for 'skip trace,' a service that is not shown to be within the statute.").

Defendant's invoices also reflect six witness fee charges of $40.00 each for a total of $240.00. [ECF No. 84-3, pp. 6-9, 19-20]. But again, Defendant does not elaborate on why these costs were incurred. Pursuant to 28 U.S.C. § 1920(3), the Court may tax costs for "fees and disbursements for . . . witnesses." One of these witnesses (Karim Daneri) received two payments of $40.00 each. [ECF No. 84-3, pp. 7, 9]. Witness fees are set by 28 U.S.C. § 1821(b), which provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at trial or deposition. This case did not proceed to trial and the only deposition submitted by Defendant is for its corporate representative. Because Defendant has not explained the nature of these witness fees, the District Court should not allow them.

In sum, the Undersigned recommends that Defendant recover one (1) process server fee (in the amount of either $40.00 or $45.00, as reflected by the corresponding invoices) and that the remaining, unexplained charges be denied. In accordance with the foregoing recommendation, Defendant should recover the following process server costs:

| Person/Entity (Date) | Amount Allowed | Amount and Reason for Disallowance |
|---|---|---|
| FPL (11/6/2020) | $45.00 | N/A |
| Karim Daneri (4/4/2021) | $40.00 | Additional Address ($40.00); Witness Fee ($40.00); Skip Trace ($90.00) |
| Karim Daneri (6/3/2021) | $0.00 | Duplicate Subpoena ($40.00); Witness Fee ($40.00) |

| | | |
|---|---|---|
| Karim Daneri (7/14/2021) | $0.00 | Duplicate Subpoena ($40.00) |
| Karim Daneri (8/13/2021) | $0.00 | Duplicate Subpoena ($40.00) |
| Karim Daneri (2/2/2022) | $0.00 | Duplicate Subpoena ($40.00); |
| Mirett Ferreiro (12/12/2020) | $40.00 | Additional Address ($40.00); Witness Fee ($40.00); Skip Trace ($90.00) |
| Mirett Ferreiro (6/3/2021) | $0.00 | Duplicate Subpoena ($40.00); Witness Fee ($40.00) |
| Virginia Urdaneta (12/16/2020) | $40.00 | Additional Address ($40.00); Witness Fee ($40.00) |
| Virginia Urdaneta (6/3/2021) | $0.00 | Duplicate Subpoena ($40.00); Witness Fee ($40.00) |
| KD Prime Properties (11/2/2020) | $45.00 | N/A |
| Super Restoration Service, Co. (11/2/2020) | $45.00 | N/A |
| TRREF Construction (11/3/2020) | $45.00 | N/A |
| **Total** | $300.00 | $780.00 |

For the reasons discussed above, Defendants should be permitted to recover **$300.00** for process server fees ($780.00 less than the amount requested).

### iii.     Deposition Transcript

Lastly, Defendant seeks to recover $284.25 for the deposition transcript of QBE corporate representative Shannon Grunst. [ECF Nos. 84, p. 3; 84-3, pp. 1, 15]. Costs for transcripts are authorized by § 1920(2) insofar as such transcripts are "necessarily

26

obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff does not specifically dispute

any of the costs sought by Defendant. Moreover,

> [b]ecause the parties presumably have equal knowledge of the basis for
> each deposition," the party challenging the proposed costs "bears the
> burden of showing that specific deposition costs or a court reporter's fee
> was not necessary for use in the case or that the deposition was not related
> to an issue present in the case at the time of the deposition.

*Spatz*, 2012 WL 1587663, at *4 (citation and quotation marks omitted). Therefore, the Court

should find that Ms. Grunst's deposition is taxable under § 1920(2).

The invoice submitted by Defendant contains the following itemized charges:

$193.45 (53 pages at $3.65 per page) for the deposition transcript, $25.80 for black and

white exhibits, $35.00 for "Litigation Support Package" and $30.00 for "Electronic

Processing/Archival/Delivery (Copy)." [ECF No. 84-3, p. 15].

The per page rate is reasonable and should be awarded. *See Harrell v. City of Opa-*

*Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), report and

recommendation adopted, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022)

(finding deposition transcript rate of $4.50 per page to be reasonable).

However, the Court should not award the remaining deposition costs (totaling

$90.80) reflected in the invoice because costs incurred for the convenience of counsel are

generally not taxable and Defendant does not otherwise explain why these items are

recoverable under § 1920. *See Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783,

2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), report and recommendation adopted, No.

20-CV-22783, 2023 WL 315793 (S.D. Fla. Jan. 19, 2023) ("Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."). Thus, only the cost of the deposition transcript ($193.45) should be taxed.

In sum, QBE should be permitted to recover **$893.45** in taxable costs ($400.00 for the removal fee plus $300.00 for process server costs and $193.45 for the deposition transcript of Ms. Grunst), $870.80 less than the amount requested.

## III.    CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** QBE's motions for attorney's fees, expenses, and costs [ECF Nos. 84; 100] and award QBE at total of **$37,403.95** ($36,510.50 in attorney's fees**,** $0.00 in expenses (non-taxable costs), and $893.45 in taxable costs).

## IV.    OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall

bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on February 9, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robin L. Rosenberg
All Counsel of Record

29