**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 20-23169-CIV-ROSENBERG/GOODMAN**

MARY ANN GUZY,

      Plaintiff,

v.

QBE SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON
QBE'S UNOPPOSED SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES
<u>(with incorporated show cause order)</u>**

Plaintiff Mary Ann Guzy ("Plaintiff" or "Guzy") brought this action for breach of

insurance contract against her insurer, QBE Specialty Insurance Company ("QBE" or

"Defendant"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida on June 24, 2020. [ECF Nos. 1; 1-2]. On July 30, 2020, QBE removed this

action to the United States District Court for the Southern District of Florida, based on

diversity jurisdiction, 28 U.S.C. § 1332. [ECF No. 1].

Ultimately, the Court dismissed with prejudice Plaintiff's Second Amended

Complaint for failure to state a claim. [ECF No. 80]. Plaintiff filed a notice of appeal. [ECF

No. 83]. The Eleventh Circuit affirmed the with-prejudice dismissal of Plaintiff's Second

Amended Complaint in a *per curiam*, unpublished decision. *See Guzy v. QBE Specialty Ins. Co.*, No. 22-10668, 2023 WL 1458021 (11th Cir. Feb. 2, 2023).

QBE seeks to recover $30,187.00[1] in supplemental fees (including appellate attorney's fees) pursuant to Florida's offer of judgment statute, Fla. Stat. § 768.79. [ECF No. 119]. QBE represents that Plaintiff does not dispute the requested fees. *Id.* at ¶ 17 ("[T]he parties conferred on March 20, 2023, and Attorney Russomanno confirmed that Plaintiff does not oppose the instant motion as to both entitlement and amount.").

This matter was referred to the Undersigned for a Report and Recommendations. [ECF No. 5]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant** QBE's motion and award QBE **$30,187.00** in attorney's fees, the full amount requested.

## I.    ANALYSIS

Although Plaintiff does not dispute the requested supplemental fees, the Court still has an independent obligation to review a fees motion. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the

---

[1]     QBE's billing records total $30,232.00. [ECF No. 119-2]. However, QBE is seeking to recover only $30,187.00. QBE explained that it is not seeking to recover fees for three time entries totaling $45.00. [ECF No. 119, ¶ 17]. These time entries are "under transaction numbers 15736388 (page 3), 15736748 (page 3) and 15918053 (page 6)." [ECF No. 123, p. 1].

costs sought to be taxed are properly taxable pursuant to the cost statute."). Therefore, the Undersigned will address QBE's supplemental fee request below.

    **a.**    **Entitlement to Attorney's Fees**

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law").

"Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Am. Family Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). The Eleventh Circuit has stated that "Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases, like this one, that are tried in the State of Florida[.]" *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002); *Steffen v. Akerman Senterfitt*, No. 804CV1693T24MSS, 2007 WL 9723389, at *4 (M.D. Fla. Mar. 20, 2007) ("Florida Statute § 768.79 is substantive in nature for *Erie* purposes and applies in

3

diversity cases in federal court in Florida.").

Here, the Court has already determined that QBE's "Proposal for Settlement fully and clearly complied with the requirements of Rule 1.442(c)(2)(F)." *Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2023 WL 2244829, at *4 (S.D. Fla. Feb. 9, 2023), report and recommendation adopted, No. 1:20-CV-23169, 2023 WL 2240456 (S.D. Fla. Feb. 27, 2023). Therefore, the Undersigned finds that Defendant is entitled to recover reasonable supplemental fees, including appellate fees. *See United Auto. Ins. Co. v. Comprehensive Health Ctr.*, 173 So. 3d 1061, 1069 (Fla. 3d DCA 2015) ("It is well settled that '[t]he plain and mandatory terms of the proposal for settlement statute encompass all costs and attorneys' fees incurred leading up to a final judgment,' including fees incurred on appeal.") (quoting *State Farm Fire & Cas. Co. v. Rembrandt Mobile Diagnostics, Inc.*, 93 So.3d 1161, 1162 (Fla. 4th DCA 2012)); *Mama Jo's Inc. v. Sparta Ins. Co.*, No. 1:17-CV-23362-KMM, 2021 WL 2682261, at *1 (S.D. Fla. June 30, 2021) (adopting report and recommendations awarding appellate attorneys' fees under Fla. Stat. § 768.79).

b.   **Redacted Time Entries**

Before addressing the reasonableness of Defendant's fee request, the Undersigned will address QBE's redacted time entries [ECF No. 119-2] and non-compliance with two Court Orders [ECF Nos. 120; 122].

The Undersigned directed QBE to "file under seal unredacted time records" so that the Court could determine whether "some or all of the redactions [were]

4

unnecessary." [ECF No. 120]. The Order instructed QBE to "highlight those time entries which were filed as redacted time entries in order to facilitate the Court's review." *Id.* The Order also explained that "[t]he mere fact that a party prefers that certain time entries not be disclosed is not independently sufficient to justify under-seal status" and required QBE to "file a non-redacted memorandum of law (citing pertinent legal authority) supporting its redactions." *Id.*

QBE's initial under-seal unredacted time records did not highlight the redacted time entries as required by the Court's Order. [ECF Nos. 120-21]. Therefore, the Undersigned struck this under-seal filing and provided QBE with another opportunity to comply with the Court's Order. [ECF No. 122]. The Undersigned's second Order [ECF No. 122] "remind[ed] Defendant that it [would] also need to file 'a non-redacted memorandum of law (citing pertinent legal authority) supporting its redactions.'" *Id.* (quoting [ECF No. 120]).

Ultimately, QBE filed highlighted, unredacted under-seal time records [ECF No. 123], but it did not file the required memorandum of law justifying its redactions. After an *in-camera* review of the unredacted billing records, the Undersigned determined that "none of the billing entries warrant[ed] redaction. . . . [T]here [was] no apparent factual or legal basis for QBE's redactions, S.D. Fla. L.R. 5.4(b)(3), and QBE ha[d] not supplied any despite being given an opportunity to do so." [ECF No. 124]. The Undersigned therefore instructed "QBE [to] publicly file its billing records on CM/ECF in unredacted

5

form [by April 10, 2023] or the Undersigned [would] be required to eliminate all redacted entries from the fees calculation." *Id.* Contrary to this Order, QBE did *not* publicly file its unredacted time records.

In certain instances, courts have reduced the amount of fees requested to account for unjustified redactions. *See, e.g., Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *12 (M.D. Fla. Jan. 25, 2012), report and recommendation adopted, No. 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) (applying a 25 percent reduction where "the redacted information consist[ed] of unspecific information which barely identifie[d] the work that was performed" and did "not reveal the litigation team's mental impressions or otherwise jeopardize the plaintiff's appeal or re-trial strategy").

Here, QBE's redactions were not necessary to protect counsel's work product and mental impressions and the Undersigned provided QBE with two opportunities [ECF Nos. 120; 122] to justify its redactions and even warned QBE that the failure to publicly file unredacted time entries by the court-imposed deadline would require the Undersigned to "eliminate all redacted entries from the fees calculation." [ECF No. 124]. Nonetheless, because QBE's redactions were limited to only a few time entries, its filed-under-seal unredacted time entries [ECF No. 123] allowed the Court to evaluate the reasonableness of the time expended. Given that Plaintiff does not oppose the fee request, the Undersigned will not recommend any reductions due to QBE's unjustified redactions

and failure to comply with two Court Orders. Nevertheless, QBE's counsel shall by April 18, 2023, file an affidavit or declaration, showing cause why he or she did not comply with two court Orders and explaining what administrative tasks counsel has implemented, or will implement, to make sure these two scenarios do not occur again.

      **c.**    **Amount**

Having determined that QBE is entitled to recover reasonable attorneys' fees through the appeal, the Undersigned will now address the reasonableness of the supplemental fees requested.

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The moving party bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *Barnes*, 168 F.3d at 427.

Guzy does not dispute the reasonableness of the hourly rates sought in this case or the number of hours expended. [ECF No. 119, p. 7 ("Plaintiff does not oppose the relief sought herein.")]. Nonetheless, the Court must still ensure that the fees it awards are reasonable. *See Valley*, 82 F. Supp. 3d at 1325; *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party); *United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).

### i.      Reasonable Hourly Rate

The Court must evaluate the reasonableness of counsel's hourly rate. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1302 (internal citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved,

preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974)).

Here, QBE seeks an hourly rate of $225.00 and $300.00[2] for Mihaela Cabulea (a Florida Bar Board Certified Specialist in Appellate Practice, admitted to the Florida bar in 2009), $225.00 for partners William Lewis, Esq. (admitted to the Florida Bar in 1991) and Tracy Jurgus, Esq. (admitted in 2001), and $95.00 for paralegal Lilliam Cardoza Gutierrez. [ECF No. 119, ¶¶ 18-21].

The Undersigned has no difficulty concluding that the hourly rates charged in this case are *more* than reasonable for Defendant's timekeepers. Attorneys with less experience than Defendant's attorneys have been awarded higher hourly rates in insurance-related cases filed in this District. *See, e.g., Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *6 (S.D. Fla. Jan. 15, 2019) (awarding $275.00 per hour to an attorney with eleven years of experience in an insurance coverage action),

---

[2]     QBE's motion states that Cabulea's rate is $225.00 an hour but the billing records reflect that Cabulea's hourly rate changed to $300.00 sometime in July, 2022. [ECF No. 119-2, p. 1]. In any case, both the $225.00 hourly rate and the $300.00 hourly rate are more than reasonable for a certified appellate attorney with Cabulea's background and experience. *See Zendejas v. Redman*, No. 15-81229-CIV, 2018 WL 7892097, at *4 (S.D. Fla. Dec. 14, 2018), report and recommendation adopted, No. 15-81229-CIV, 2019 WL 1434602 (S.D. Fla. Mar. 25, 2019) (finding hourly rate of $486.00 to be reasonable for a board-certified appellate lawyer).

report and recommendation adopted sub nom. *Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019); *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV, 2021 WL 4976228, at *3 (S.D. Fla. July 12, 2021) (awarding hourly rate of $375.00 to attorney with twelve years of experience who worked mostly on insurance-related disputes), report and recommendation adopted, No. 20-62089-CIV, 2021 WL 4472081 (S.D. Fla. Sept. 30, 2021). Moreover, the paralegal hourly rate is reasonable. *See Garden Apartments, Inc. v. Chub Custom Ins. Co.*, No. 20-23116-CIV, 2021 WL 6775397, at *4 (S.D. Fla. Dec. 20, 2021), report and recommendation adopted sub nom. *Garden Apartments, Inc. v. Chubb Custom Ins. Co.*, No. 1:20-CV-23116, 2022 WL 309863 (S.D. Fla. Feb. 2, 2022) (approving $100 paralegal hourly rate); *GBS Inv. Grp. v. United Specialty Ins. Co.*, No. 18-23310-CIV, 2020 WL 5356562, at *6 (S.D. Fla. Aug. 11, 2020)), report and recommendation adopted, No. 18-23310-CIV, 2020 WL 5355966 (S.D. Fla. Sept. 6, 2020) (finding paralegal hourly rates of $105.00 to $110.00 to be more than reasonable).

Accordingly, QBE should be awarded the requested hourly rates of $225.00 and $300.00 for its board-certified appellate counsel, $225.00 for partners, and $95.00 for its paralegal. [ECF Nos. 119, ¶¶ 18-21; 119-2].

### ii.    Reasonable Hours Expended

The Court must next evaluate the reasonableness of the total hours expended by QBE's counsel. The moving party bears the burden of providing the Court with

sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432-33)).

The party requesting fees must exercise "billing judgment" and must exclude from its fees motion hours that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. This task may be accomplished by either applying an hour-by-hour analysis or making an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Judges "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

The Undersigned finds the hours expended 109.20 (109.40 minus 0.20 hours, *see* [ECF No. 123, p. 1]) to be reasonable. Defendant's billing records reflect time spent drafting objections to the original fees R&R (which disputed entitlement), drafting the confidential mediation statement and amended confidential mediation statement and attending the mediation, communicating with the client, reviewing various motions and docket entries related to the appeal, reviewing the appendix and the initial brief in preparation for drafting the response brief, reviewing an analyzing case law and preparing QBE's appellate answer brief. The amount of time sought is not unreasonable for the work performed in this case.

Moreover, and as noted above, Guzy does not object to the number of hours (or the amount of fees) sought by Defendant. [ECF No. 119, p. 7].

Finally, all of the billing entries submitted by QBE fall within the recoverable time period, i.e., on or after the November 9, 2020 Proposal for Settlement.

For these reasons, QBE should be permitted to recover its requested attorney's fees of **$30,187.00**.

## II.      CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** QBE's motion [ECF Nos. 119] and award QBE at total of **$30,187.00** in attorney's fees. Furthermore, defense counsel shall timely file the affidavit/declaration outlined above.

12

III.     **OBJECTIONS**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on April 12, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robin L. Rosenberg
All Counsel of Record